UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAMONA BARKER,                              )
                                            )
            Plaintiff,                      )
                                            )
      vs.                                   )      Case No. 4:14CV2071 HEA
                                            )
STATE COLLECTION SERVICE, INC. ,            )
                                            )
            Defendant.                      )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant McKinney's Motion for

Summary Judgment, [Doc. No. 10].   Plaintiff has not responded to the Motion.

For the reasons set forth below, the Motion is granted.

## Introduction

Plaintiffs brought this action seeking statutory damages as an individual

consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §

1692, *et seq.*

## Facts and Background

The facts of this matter are set out in Defendant's Statement of Undisputed

Facts.

Plaintiff filed a Chapter 7 bankruptcy petition on March 19, 2013, case

number 13-42265.

On March 3, 2014, St. Anthony's Medical Center ("SAMC") forwarded to Defendant a debt owed by Plaintiff for services SAMC performed on July 13, 2013 in the amount of $407.10. On March 19, 2014, Defendant commenced its collection efforts regarding the debt. On May 7, 2014, Defendant submitted the debt to the three major credit reporting agencies.

The treatment to which the debt relates occurred on July 17, 2013, which is almost four months after Plaintiff filed for bankruptcy. The debt at issue was not included Plaintiff's bankruptcy filing. The bankruptcy petition named SAMC as an unsecured non-priority creditor, but the debt it listed was "2011-2012 Medical" for $1,000.00. The bankruptcy petition named Defendant as an unsecured non-priority creditor, but the debt it listed was "2009-2012 medical collection" for $218.00.

## Discussion

### Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

*Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the

moving party has met this burden, the nonmoving party may not rest on the

allegations in his pleadings but by affidavit or other evidence must set forth specific

facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e);

*Anderson* 477 U.S. at 256; *Littrell,* 459 F.3d at 921. "The party opposing summary

judgment may not rest on the allegations in its pleadings; it must 'set forth specific

facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co.*

*v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed. R. Civ. P. 56(e)); "'Only

disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment.'" *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Hitt v. Harsco Corp.,* 356 F.3d 920, 923

(8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a

verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248;

*Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must

'substantiate his allegations with sufficient probative evidence [that] would permit a

finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'"

*Wilson v. Int'l Bus. Mach. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotations

omitted). *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003). A

party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Assocs. v. Jung* 422 F.3d 630, 638 (8th Cir. 2005).

Summary judgment is proper if a plaintiff fails to establish any element of the prima facie case. *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 444 (8th Cir. 1998) (citing *Weber v. American Express Co.*, 994 F.2d 513, 515-16)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-27(8th Cir. 2007). Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kan. City Mo. Sch.Dist.,* 437 F.3d 797, 801 (8th Cir. 2006).

Here, Plaintiff claims Defendant violated the FDCPA by reporting the debt owed to St. Anthony's Medical Center because the debt was discharged in

bankruptcy.   Plaintiff's claims are without merit because the reported debt was incurred four months after Plaintiff filed for bankruptcy.   Defendant's reported debt was for services which occurred subsequent to the filing and therefore could not have been discharged in bankruptcy.   A discharge under Chapter 7 of the Bankruptcy Code "discharges the debtor from all debts that arose before the date of the order for relief under this chapter[.]"   11 U.S.C. § 727(b).

<u>Conclusion</u>

Based upon the foregoing analysis, Defendant's Motion for Summary Judgment is meritorious.   Defendant is therefore entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 10] is granted.

A separate judgment is entered this same date.

Dated this 15th day of April, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE